FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

JUN 29 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBA EUGENIA RAMOS-BARRIOS, | No. 12-70476 |
| Petitioner, | Agency No. A098-920-668 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Alba Eugenia Ramos-Barrios, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny the petition for review.

We reject Ramos-Barrios's contentions that the BIA's analysis was inadequate and incomplete. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA adequately considered evidence and sufficiently announced its decision).

The record does not compel the conclusion that Ramos-Barrios established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Thus, we deny the petition as to her asylum claim.

Ramos-Barrios testified she was robbed and extorted by gang members in Guatemala, and that she fears they will continue to do so if she returns. Substantial evidence supports the agency's conclusion that Ramos-Barrios failed to establish that gang members targeted her on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino*, 622 F.3d at 1016 (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by

gang members bears no nexus to a protected ground"). In light of this conclusion, we reject Ramos-Barrios's contention that remand is required under *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010). Thus, we deny the petition as to her withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Ramos-Barrios failed to establish it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.